IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | § | |
|---|---|---|
| IN RE: | § | |
| | § | |
| DAVID ANDREW SLOWE | § | CASE NO. 10-31879-13 |
| KARLA M. MARQUEZ | § | CHAPTER 13 |
| DEBTOR(S) | § | |

## AFFIDAVIT OF DAVID ANDREW SLOWE IN SUPPORT OF RESPONSE TO MOTION OF GEORGE M. FOSHEE FOR RELIEF FROM AUTOMATIC STAY

1. My name is David Andrew Slowe. I am over the age of 18 years and competent to execute this Affidavit. I have personal knowledge of all the facts stated herein. I testify under penalty of perjury as to the facts stated herein.

2. I am a Debtor in the above case.

3. I filed this Chapter 13 case on March 17, 2010 in response to financial difficulties caused by a growing debt load and declining income due to catastrophic market conditions in my profession as a Realtor.

4. The property located at 2909 Reagan Street, Dallas, Texas was properly disclosed in my bankruptcy schedules on Schedule A, and the equity I believed to exist at the time of filing in the amount of $7,660.00 exempted on Schedule C.

5. No party or creditor, including Movant George M. Foshee objected to my claimed exemptions.

6. The initial Chapter 13 Plan I caused to be filed, and both amended Chapter 13 plans I filed, indicated that my debt to Mr. Foshee on the 2009 Reagan property was to be "paid direct" and the assumption made that I would remain current on said payments.

7. Mr. Foshee did not object the the Chapter 13 plan filed in this case, nor object to any Amended Chapter 13 plans filed in this case - including the amended plan filed on August 25, 2010.

8. The Amended Chapter 13 Plan filed August 25, 2010 was subsequently confirmed on or about October 12, 2010; again, no objection was made to confirmation of said amended Chapter 13 plan nor the treatment of the debt on as a "pay direct" debt.

9. I relied on the Confirmation Order permitting the debt on 2909 Reagan to remain a pay direct debt in ordering my financial affairs and in my attempt to reorganize my debt structure.

10. My reliance on the continued direct payment structure on the 2909 Reagan property resulted in entry into a lease agreement on the 2909 Reagan property on or about July 1, 2010 that continues through June 30, 2012.

11. The aforementioned lease agreement causes me to receive as rent the amount of $2,500.00 per month from the tenant.

12. As detailed in Schedule I and J (my schedule of income and expenses) my obligations on the Reagan property consist of a $1,562.00 monthly mortgage payment to Mr. Foshee, and the payment of approximately $611.00 per month in property taxes. Thus at this time, the rental income from 2909 Reagan nets approximately $327.00 per month, funds that are necessary to my ability to fund my Chapter 13 plan and reorganize my debts.

13. Further, the lease obligation I entered into on or about July 1, 2010 and lasting until June 30, 2012, in reliance on the lack of objection to my exemptions and/or Chapter 13 plan, now obligates me - post petition - on a lease contract through June 30, 2012. The loss of the property at 2909 Reagan would cause me to violate the lease agreement and may subject me to a lawsuit and the unknown costs to defend said lawsuit and/or a further judgment against me for damages. Said costs and damages would impair my ability to fund my Chapter 13 plan.

14. I have continually maintained adequate insurance on the 2909 Reagan property.

15. Property tax payments have been kept current on the property until the situation developed regarding the pending Motion to Lift Stay. There are likely an amount of arrears at this juncture; however there may also be funds that Movant may have on hand for tax payments..

Further, Affiant sayeth naught.

Date: 5/6/11

_David A. Slowe_
David Andrew Slowe

STATE OF TEXAS §
§
COUNTY OF DALLAS §

    On this day, David Andrew Slowe, personally appeared before me, and being by me duly sworn, stated and affirmed under penalty of perjury that all the facts alleged in the Affidavit above are within Affiant's personal knowledge and are true and correct, to certify which witness my hand and seal of office, this ____6____ day of ____May____, 2011.

Margo Lewis Szermeta
My Commission Expires
09/25/2012

_Margo Lewis Szermeta_
Notary Public, State of Texas

_____

**CERTIFICATE OF SERVICE**

      I hereby certify that on this date, I served a true and correct copy of the foregoing RESPONDENT/DEBTORS' AFFIDAVIT IN SUPPORT OF RESPONSE TO MOTION TO LIFT STAY via electronic means where available or via first class mail, postage prepaid, to the following parties:

| | |
|---|---|
| Creditor's Attorney: | Mr. Jeff Carruth, Esq.<br>Weyer, Kaplan, Pulanski & Zuber, P.C.<br>3030 Matlock Road, Suite 201<br>Arlington, Texas 76015 |
| Trustees: | THOMAS POWERS<br>125 E JOHN CARPENTER FWY<br>11TH FL STE 1100<br>IRVING, TX 75062<br><br>United States Trustee<br>1100 Commerce Street, Room 976<br>Dallas, Texas 75242-1496 |
| Debtors: | David Andrew Slowe<br>Karla M. Marquez<br>25 Highland Park Village<br>#100-317<br>Dallas, Texas 75205 |

May 6, 2011                          /s/    Len L. Nary
                                          Len L. Nary
                                          SBOT #00786131
                                          3010 LBJ Freeway
                                          Suite 1200
                                          Dallas, Texas 75234
                                          Telephone: (972) 888-6010
                                          Fax: (972) 851-9944
                                          Attorney for Respondent/Debtor